No. 28,281.

L. E. Wilson et al., *Appellees*, v. Allis-Chalmers Manufacturing Company, *Appellant*.

(272 Pac. 117.)

Opinion filed December 8, 1928.

Chester I. Long, J. D. Houston, Austin M. Cowan, Claude I. Depew, James G. Norton, W. E. Stanley, all of Wichita, and John C. King, of Liberal, for the appellant.

R. C. Eastman, of Liberal, for the appellees.

The opinion of the court was delivered by

Burch, J.: The action was one to recover damages for failure of a mortgagee to enter of record without charge satisfaction of the paid mortgage within sixty days after demand by the mortgagor, pursuant to R. S. 67-309.

The mortgage was paid in July, 1926. On May 23, 1927, defendant received the following letter:

"Goss-Nash Motor Company.

J. I. Case Farm Machinery.

Liberal, Kan., May 20, 1927.

"Allis-Chalmers Mfg. Co., Milwaukee, Wis.:

"Gentlemen—I enclose herewith release of mortgage to be executed by yourselves releasing the real-estate mortgage given you by L. E. Wilson and wife, covering on his residence property here in Liberal as additional security for the 20-35 Allis-Chalmers tractor which he purchased from you in 1924, and which was paid off by him at harvest time in 1926. We have sold this property for Mr. Wilson, and upon having the abstract certified to date, we find your mortgage still of record, and as this mortgage is a cloud on Mr. Wilson's title and· is delaying the closing of his deal, we would thank you very much to sign and return this release to us just as soon as possible.

"Thanking you in advance for you promptness in this matter, I remain,

"Yours very truly,     Goss-Nash Motor Co.,

By Ruth Goss,

"Inc. HMG:Rag.                     For H. M. Goss."

On May 28 defendant replied that its records showed a release had been mailed to its branch office at Wichita when the mortgage was paid, that the matter would be investigated, and that the motor company would be advised of the result of the investigation. In due course of mail defendant received the following letter:

"LIBERAL, KAN., June 2, 1927.

"Allis-Chalmers Mfg. Co., Milwaukee, Wis.:

"GENTLEMEN—We have your letter of May 28, and note what you say relative to the release of real-estate mortgage of L. E. Wilson and wife. Since receiving your letter we have taken this matter up with Mr. Wilson, and he advises us that to his knowledge he has never received the release of this mortgage, and if it has ever been received by him it has been lost or destroyed.

"We see no reason why you would object to signing the release which we sent you, as it will then place Mr. Wilson in position to deliver title to this property showing this mortgage has been discharged, and as the matter now stands the delay is causing him considerable inconvenience, and if the mortgage is not released soon it may cause him expensive litigation. Since your mortgage is still of record, we cannot understand why you would have any objection to executing the release which we sent you and forwarding it to us, so that we would be in position to release this mortgage of record.

"We would thank you very kindly to forward the release to us at your very earliest convenience.      Yours very truly,      Goss-NASH COMPANY,

By RUTH GOSS,

"HMG:Rag.      For H. M. Goss."

On July 7 defendant mailed to the motor company the release referred to, executed by the corporation by its treasurer and duly acknowledged by him. The corporate seal was not attached. On June 15 an attorney for plaintiffs wrote a letter to defendant, which defendant duly received, containing a formal demand for satisfaction of record of the mortgage pursuant to the statute. Within sixty days from date of the letter defendant complied with the demand. Wilson testified as follows:

"I had Mr. Goss write the Allis-Chalmers Manufacturing Company for me . . .

"Mr. Goss did not show me the letter he got back from the Allis-Chalmers Manufacturing Company when he wrote them. He told me what he heard from them."

It is true that statutory demand for satisfaction of record of a paid mortgage is not a formal or technical matter. It is sufficient if it fairly informs the mortgagee that record satisfaction of the mortgage is required by the mortgagor or his heirs or assigns. The letters of May 20 and June 2 had no such effect. They purported to

be written by a land agent who wished to have a release in his possession so he could close a sale. They were not statutory demands, and were not so regarded by the writer. That subject was first brought to the attention of the mortgagee by the attorney's letter of June 15. Within the sixty-day period the mortgage was properly released.

The judgment of the district court is reversed, and the cause is remanded with direction to enter judgment for defendant.